DSS:MBM/AHT
F.#2012R00558

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
APR 26 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

QENDRIM DOBRUNA,

             Defendant.

I N D I C T M E N T

CR 12 — 300

(T. 18, U.S.C., §§
982(a)(2)(A),
982(a)(2)(B), 1028A(a)(1),
1028A(b), 1028A(c)(4),
1028A(c)(5), 1029(a)(1),
1029(a)(2), 1029(a)(3),
1029(a)(4), 1029(a)(5),
1029(b)(2),
1029(c)(1)(A)(i),
1029(c)(1)(A)(ii),
1029(c)(1)(C), 1344, 1349,
2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

GLASSER, J.

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

INTRODUCTION

Unless stated otherwise, at all times relevant to this Indictment:

The Defendant

1. The defendant QENDRIM DOBRUNA was part of an international conspiracy to steal credit and debit account information and buy, sell and trade stolen credit and debit account information. Members of the conspiracy consisted, among others, of individuals who compromised internet servers which stored victims' credit and debit account information (the "Hackers"), and individuals who used the stolen data to obtain

money, goods and services by, among other things, making fraudulent withdrawals from automated teller machines ("ATMs") (the "Carders"). The defendant QENDRIM DOBRUNA was both a Hacker and a Carder.

2. DOBRUNA communicated with co-conspirators for the purpose of stealing, buying, selling and trading stolen credit and debit card account information using electronic communication methods such as email, instant messenger and other online chat platforms.

3. DOBRUNA stole, bought, sold and traded information from accounts at (a) banks such as Citibank, Teacher's Federal Credit Union, Bank of America and JPMorgan Chase, the deposits of all of which were insured by the Federal Deposit Insurance Corporation (collectively, the "Banks"), and (b) debit and credit card processing companies such as Visa, Mastercard, Discover and American Express.

COUNT ONE<br>
(Conspiracy to Commit Bank and Wire Fraud)

4. The allegations contained in paragraphs one through three are realleged and incorporated as though fully set forth in this paragraph.

5. In or about and between 2002 and 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and intentionally conspire:

      a. to execute a scheme and artifice to defraud one or more financial institutions, to wit: the Banks, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, said financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344; and

      b. to devise a scheme and artifice to defraud the Banks and the Credit Card Companies, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: interstate and foreign wire transfers, electronic mail and electronic messages, contrary to Title 18, United States Code, Section 1343.

      6. As part of the scheme and artifice, the defendant QENDRIM DOBRUNA and his co-conspirators sent and received data pertaining to stolen credit and debit card accounts through international e-mail and instant message communications, and agreed to do so. It was further part of the scheme and artifice that the defendant QENDRIM DOBRUNA and his co-conspirators obtained and caused to be obtained money by using stolen account

information to make and cause to be made unauthorized withdrawals at ATMs in the United States and abroad, and agreed to do so.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
### (Bank Fraud)

7.  The allegations contained in paragraphs one through three and six are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

8.  On or about and between January 1, 2003 and December 31, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit: Citibank, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

4

## COUNT THREE
(Bank Fraud)

9.  The allegations contained in paragraphs one through three and six are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

10. On or about and between February 27, 2011 and February 29, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit: JPMorgan Chase, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Commit Access Device Fraud)

11. In or about and between 2002 and 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud conspire to: (a) produce, use and traffic in one or more counterfeit access devices, to wit: counterfeit ATM cards, in a manner

5

affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(1); (b) traffic in and use one or more unauthorized access devices during one or more one-year periods, and by such conduct obtain things of value aggregating $1,000 or more during those periods, in a manner affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(2); (c) possess fifteen or more unauthorized access devices, to wit: ATM card and credit card account numbers, in a manner affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(3); (d) produce, traffic in, have control and custody of and possess device-making equipment, in a manner affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(4); and (e) effect transactions, with one or more access devices issued to another person or persons, to receive payment and other things of value during one or more one-year periods, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(5).

12.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, committed and caused to be committed the following:

OVERT ACTS

a.  On or about November 23, 2003, a co-conspirator, whose identity is known to the Grand Jury, sent DOBRUNA an email containing information relating to ATM card and credit card account numbers.

b.  On or about and between February 27, 2011 and February 29, 2011, both dates being approximate and inclusive, DOBRUNA transmitted information relating to ATM card and credit card account numbers via the internet.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii) and 3551 et seq.)

## COUNT FIVE
(Counterfeit Access Device Fraud)

13.  On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud produce, use and traffic in one or more counterfeit access devices, to wit: counterfeit ATM cards, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

7

## COUNT SIX
(Unauthorized Access Device Fraud)

14. On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during one or more one-year periods, and by such conduct did obtain things of value aggregating $1,000 or more during those periods, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT SEVEN
(Access Device Fraud - Possession of 15 or More Fraudulent Access Devices)

15. On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud possess fifteen or more unauthorized access devices, to wit: ATM card and credit card account numbers, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(3), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

COUNT EIGHT
(Access Device Fraud - Possession of Device-Making Equipment)

16. On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud produce, traffic in, have control and custody of and possess device-making equipment, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(4), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT NINE
(Access Device Fraud - Use of Access
Devices to Receive $1,000 or More)

17. On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, did knowingly and with intent to defraud effect one or more transactions, with one or more access devices issued to another person or persons, to receive payment and one or more other things of value during one or more one-year periods, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT TEN
(Aggravated Identity Theft)

18. On or about and between January 1, 2011 and March 29, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QENDRIM DOBRUNA, together with others, during and in relation to one or more of the crimes charged in Counts One and Three through Nine, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: John Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

19. The United States hereby gives notice to the defendant QENDRIM DOBRUNA that, upon his conviction of any of the offenses charged in Counts One through Three, the United States will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2)(A), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses. The United States further gives notice to the defendant QENDRIM DOBRUNA that, upon his conviction of any of the

offenses charged in Counts Four through Nine, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Sections 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(2)(B) and 1029(c)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2012R00558

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

QENDRIM DOBRUNA,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 982(a)(2)(A), 982(a)(2)(B), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 1029(a)(1), 1029(a)(2), 1029(a)(3), 1029(a)(4), 1029(a)(5), 1029(b)(2), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1344, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p).)

*A true bill.*

_____
Foreman

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* ___

_____
*Clerk*

*Bail, $* _____

*Amir Toossi, Assistant United States Attorney, (718) 254-6176*